FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ OCT 10 2013 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
PAMELA M. GRAY,

                Plaintiff,

      -against-

GROUP HOME,

                Defendant.
----------------------------------------------------------X

ORDER
13-CV-4831 (SJF)(WDW)

FEUERSTEIN, District Judge:

On August 23, 2013, *pro se* plaintiff Pamela M. Gray ("plaintiff") filed a civil rights complaint (the "Third Complaint") in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendant Group Home ("defendant"), accompanied by an application to proceed *in forma pauperis*. Since plaintiff's financial status, as set forth in her declaration in support of her application to proceed *in forma pauperis*, qualifies her to file the Third Complaint without prepayment of the filing fees, see 28 U.S.C. § 1915(a)(1), the application to proceed *in forma pauperis* is GRANTED. However, for the reasons set forth below, the Third Complaint is *sua sponte* DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

I.    Background[1]

On August 15, 2011, plaintiff, on behalf of her daughter, filed a civil rights complaint pursuant to Section 1983 ("the First Complaint" or "the First Action") against a defendant identified as "Mercy First," alleging that she was denied visitation and telephone contact with her

---

[1] All material allegations in the complaint are assumed to be true for the purposes of this order, see, e.g. Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true), and do not constitute findings of fact by the Court.

daughter. The First Action was assigned docket number 11-CV-3967. By order dated August 30, 2011, *inter alia*: (1) plaintiff was directed to obtain counsel for her daughter on the grounds (a) that a parent who is not admitted to the bar cannot maintain a *pro se* action on behalf of his or her child and (b) that appointment of counsel for the child was not warranted because the allegations in the First Complaint did not state a plausible claim for relief; (2) plaintiff was advised that if an amended complaint was not filed by counsel on behalf of her daughter within thirty (30) days of the date that order was served with notice of entry upon her, i.e., on or before October 2, 2011, the claims asserted on behalf of her daughter would be dismissed without prejudice; and (3) any claims that plaintiff asserted on her own behalf were dismissed with prejudice for failure to state a claim for relief, i.e., plaintiff did not allege any constitutional injury caused by a policy or custom of Mercy First, unless she filed an amended complaint within thirty (30) days of the date that order was served with notice of entry upon her. On October 21, 2011, upon plaintiff's failure to file an amended complaint and obtain counsel on behalf of her daughter in accordance with the August 30, 2011 order, the First Complaint was dismissed in its entirety, without prejudice with respect to plaintiff's daughter and with prejudice with respect to plaintiff. Judgment was entered in the First Action on October 17, 2011.

On March 19, 2012, plaintiff, on behalf of herself and her daughter, filed a second civil rights complaint pursuant to Section 1983 ("the Second Complaint" or "the Second Action"), this time against a defendant identified as "Hawthorne N.Y. Facility," alleging that her daughter was being mistreated at that defendant's facility because she was "thru [sic] out and running [sic] some boy [plaintiff] never met." The Second Action was assigned docket number 12-cv-1448. By order dated April 11, 2012, *inter alia*: (1) plaintiff was again directed to obtain counsel for her daughter because a parent who is not admitted to the bar cannot maintain a *pro se* action on behalf of his or her child; (2) plaintiff was advised that if an amended complaint was not filed by counsel

2

on behalf of her daughter within thirty (30) days of the date that order was served upon her, i.e., on or before May 11, 2012, the claims asserted on behalf of her daughter would be dismissed without prejudice; and (3) any claims that plaintiff asserted on her own behalf were dismissed with prejudice for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, unless she filed an amended complaint within thirty (30) days of the date that order was served upon her. On May 17, 2012, upon plaintiff's failure to file an amended complaint and obtain counsel on behalf of her daughter in accordance with the April 11, 2012 order, the Second Complaint was dismissed in its entirety, without prejudice with respect to plaintiff's daughter and with prejudice with respect to plaintiff. Judgment was entered in the Second Action on May 24, 2012.

II. The Third Complaint

The Third Complaint alleges as follows:

> "I had problems with my asthma. I was on the railroad to see my daughter. I was able to call about three days. Meanwhile I am [sic] running to dentist for some dentures. When I call [sic] they stated they had emergency prior to my arrival. I see [sic] about two weeks my daughter tried to commit suicide in the Group and didn't receive any telephone calls. The woman name [sic] Ms. Sheniece Clark * * *. I asked what happened to my daughter in the shower which felt she was being missed treated [sic]. Then I call [sic] the hospital to see her and I was given the runaround about daughter and was choking like a cow. Meanwhile I still didn't get answer about her whereabouts. I was given the press about daughter who didn't receive any telephone calls."

III. Discussion

A. Standard of Review

Under the *in forma pauperis* statute, 29 U.S.C. § 1915(e)(2)(B), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief may be

3

granted or seeks monetary relief from a defendant who is immune from such relief.

It is axiomatic that district courts are required to read *pro se* complaints liberally, see Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)); Sykes v. Bank of America, 723 F.3d 399, 403 (2d Cir. 2013), and to construe them "to raise the strongest arguments [that they] suggest[]." Walker v. Schult, 717 F.3d 119, 124 (2d Cir. 2013) (quotations and citations omitted). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." Harrington v. County of Suffolk, 607 F.3d 31, 33 (2d Cir. 2010); see also Ashcroft v. Iqbal, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Nevertheless, a complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed.2d 929 (2007). The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the * * * claim is and the grounds upon which it rests." Erickson, 551 U.S. 89, 127 S.Ct. at 2200 (quotations and citation omitted); see also Anderson News, LLC v. American Media, Inc., 680 F.3d 162, 182 (2d Cir. 2012), cert. denied by Curtis Circulation Co. v. Anderson News, LLC, 133 S. Ct. 846, 184 L. Ed. 2d 655 (2013) (accord). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft, 556 U.S. at 678, 129 S.Ct. 1937 (quoting Twombly, 550 U.S. at 555, 127 S.Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S.Ct. 1955); see also Gallop v. Cheney, 642 F.3d 364, 368 (2d Cir. 2011) (accord). The plausibility standard requires "more than a sheer possibility that defendant has acted unlawfully." Ashcroft, 556 U.S. at 678, 129

4

S.Ct. at 1949; see also Wilson v. Merrill Lynch & Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011).

B. Section 1983

Section 1983 of Title 42 of the United States Code provides, in relevant part:

> "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ."

To state a claim under Section 1983, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Rehberg v. Paulk, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012).

Even assuming, *arguendo*, that defendant was acting under color of state law, see Phelan ex rel. Phelan v. Mullane, 512 Fed. Appx. 88, 90 (2d Cir. Feb. 22, 2013) (declining to address the issue of whether a foster care agency "qualifies as a state actor subject to suit under Section 1983" after the district court questioned the continued viability of Second Circuit precedent, e.g. Perez v. Sugarman, 499 F.2d 761, 765 (2d Cir. 1974)(holding that "child-caring institutions [authorized by New York Social Services Law] * * * perform a 'public function'," and, thus, qualify as a state actor for purposes of Section 1983), in light of more recent Supreme Court "state action jurisprudence" that "has increasingly emphasized the exclusivity aspect of the public function test." Phelan ex rel. Phelan v. Torres, 843 F. Supp. 2d 259, 269-73 (E.D.N.Y. 2011) (alterations,

5

quotations and citation omitted)), the Third Complaint fails to state a plausible claim for relief against defendant. "[A] municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." Jones v. Town of East Haven, 691 F.3d 72, 80 (2d Cir. 2012), cert. denied, 2013 WL 2370289 (Oct. 7, 2013). "Absent such a custom, policy, or usage, a municipality cannot be held liable on a *respondeat superior* basis for the tort of its employee." Id.; see also Connick v. Thompson, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011) (holding that under Section 1983, governmental bodies are not vicariously liable for their employees' actions); Los Angeles County, California v. Humphries, 131 S. Ct. 447, 452, 178 L. Ed. 2d 460 (2010) ("[A] municipality cannot be held liable solely for the acts of others, e.g., *solely* because it employs a tortfeasor." (emphasis in original) (quotations and citation omitted)); Monell v. Department of Social Services of City of New York, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). This rationale has been extended to private entities acting under color of state law. See Rojas v. Alexander's Department Store, Inc., 924 F.2d 406, 409 (2d Cir. 1990); see also Dilworth v. Goldberg, 914 F. Supp. 2d 433, 452 (S.D.N.Y. 2012). Thus, like municipalities, private entities acting under color of state law are not vicariously liable under Section 1983 "for the constitutional torts of their employees * * *, unless the plaintiff proves that action pursuant to official policy of some nature caused a constitutional tort." Rojas, 924 F.2d at 408 (alterations, emphasis, quotations and citations omitted); see also Green v. City of New York, 465 F.3d 65, 82 (2d Cir. 2006).

To prevail on a Section 1983 claim against a municipality or private entity acting under color of state law, a plaintiff must show: "(1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the

municipality [or private entity acting under color of state law] caused the constitutional injury." Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008); see also Connick, 131 S.Ct. at 1359 ("Plaintiffs who seek to impose liability on local governments under Section 1983 must prove that 'action pursuant to official municipal policy' caused their injury." (quoting Monell, 436 U.S. at 691, 98 S. Ct. 2018)); Humphries, 131 S. Ct. at 452 ("[A] municipality may be held liable when execution of a government's *policy or custom* . . . inflicts the injury." (emphasis in original) (quotations and citation omitted)). "A * * * policy may be pronounced or tacit and reflected in either action or inaction." Cash v. County of Erie, 654 F.3d 324, 333 (2d Cir. 2011), cert. denied, 132 S.Ct. 1741, 182 L.Ed. 2d 528 (2012). "Official * * * policy includes the decisions of a government's lawmakers, the acts of * * * policymaking officials, and practices so persistent and widespread as to practically have the force of law." Connick, 131 S.Ct. at 1359.

In addition, liability can be established "by showing that a policymaking official ordered or ratified the employee's actions - either expressly or tacitly." Jones, 691 F.3d at 81. "Thus, a plaintiff can prevail against a municipality [or private entity acting under color of state law] by showing that the policymaking official was aware of the employee's unconstitutional actions and consciously chose to ignore them." Id. To establish such deliberate indifference, "a plaintiff must show that a policymaking official was aware of constitutional injury, or the risk of constitutional injury, but failed to take appropriate action to prevent or sanction violations of constitutional rights." Id. "Deliberate indifference is a stringent standard of fault, requiring proof that a [policymaking official] disregarded a known or obvious consequence of his action." Id. (quotations and citation omitted). "[D]eliberate indifference requires a showing that the official made a conscious choice, and was not merely negligent." Id.; see also Cash, 654 F.3d at 334.

7

To state a Section 1983 claim against a municipality or private entity acting under color of state law, a plaintiff must allege more than that a policy or custom exists. See Santos v. New York City, 847 F. Supp.2d 573, 576 (S.D.N.Y. 2012). "Rather, a plaintiff must allege facts tending to support, at least circumstantially, an inference that such a * * * policy or custom exists." Id. Since plaintiff alleges no facts to support a reasonable inference that any policy or custom of defendant caused any of the conduct of which she complains in the Third Complaint, her Third Complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) for failure to state a claim for relief.

C. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." Although, "[l]eave to amend [ ] may be properly denied for: 'undue delay, bad faith or dilatory motive on the part of the [plaintiff], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.,'" Rutolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 229, 9 L. Ed. 2d 222 (1962)); see also Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008), "when addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated. Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002) (quotations and citation omitted); see also Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). Accordingly, plaintiff is granted leave to amend the Third Complaint to cure the pleading

8

deficiencies noted herein **provided that any such amended complaint is filed on or before November 12, 2013, or the Third Complaint will be deemed dismissed with prejudice and judgment shall enter in favor of defendant.** The amended complaint must be titled "amended complaint" and bear the same docket number as this order.

IV. Conclusion

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted and the Third Complaint is *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for relief, unless plaintiff files an amended complaint in accordance with this Order **on or before November 12, 2013**.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**              s/ Sandra J. Feuerstein

                             Sandra J. Feuerstein
                             United States District Judge

Dated: October 10, 2013
       Central Islip, New York